UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEMBLER FAMILY PARTNERSHIP
#41, LTD,

       Plaintiff,

v.                                                     Case No. 8:08-cv-1212-T-24 MAP

BRINKER FLORIDA, INC. and
BRINKER INTERNATIONAL, INC.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff Sembler Family Partnership #41, LTD's Motion to Dismiss Counterclaim (Doc. No. 25), which Defendant Brinker Florida, Inc. ("Brinker-FL") opposes (Doc. No. 35); and Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 26), which Defendants Brinker-FL and Brinker International, Inc. oppose (Doc. No. 36).

**I.    Background**

Plaintiff alleges the following in its amended complaint (Doc. No. 17): On April 27, 2007, Plaintiff entered into a lease agreement with Brinker-FL, in which Brinker-FL leased commercial property from Plaintiff. Defendant Brinker International executed an absolute guaranty of the lease. On February 13, 2008, Brinker-FL notified Plaintiff that it was terminating the lease, pursuant to paragraph 6(e) of the lease. Paragraph 6(e) provides:

> 6.      Conditions. . . . Tenant shall be entitled to terminate this Lease by Notice delivered to Landlord within five (5) business days following the expiration of the following respective periods after the Effective Date (each of said periods hereafter being called a "Conditions Period"), in the

>    event any of the following conditions shall remain unsatisfied, in Tenant's sole discretion, at the expiration of the respective period for such condition . . ..
>
> *     *     *
>
> (e)    On or before the earlier of (i) Landlord's completion of the portion of the Landlord's Work as set forth in <u>Paragraph 3(b)(i)</u> above, or (ii) March 15, 2008, Tenant will be able to procure a general contractor and construction contract relating to the construction of the Tenant Improvements in an amount reasonably satisfactory to Tenant.

(Doc. No. 17-3). On May, 16, 2008, Plaintiff filed suit in state court due to Brinker-FL's purported termination of the lease, and the case was later removed to this Court.

Plaintiff asserts three claims in its amended complaint: In Count I, Plaintiff asserts a claim for damages against Brinker-FL for its alleged repudiation of the lease agreement due to its ineffective and untimely notice of termination of the lease. In Count II, Plaintiff asserts a claim for declaratory relief, in which it asks the Court to declare the rights, status, and legal relations of the parties under the lease due to Brinker-FL's attempted termination of the lease. In Count III, Plaintiff asserts a claim for damages against Brinker International based on the guaranty that it executed.

Thereafter, Defendants filed an answer, affirmative defenses, and a counterclaim for declaratory relief in which Brinker-FL asks the Court to declare that its termination of the lease was proper and effective. (Doc. No. 24). In response, Plaintiff filed the instant motions to dismiss the counterclaim and to strike the affirmative defenses.

## II.    Motion to Dismiss

Plaintiff moves to dismiss Brinker-FL's counterclaim on the grounds that it is duplicative of the main action, and therefore, unnecessary.

The Court is persuaded by Plaintiff's argument. As explained by one court:

2

> Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims. The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so. The courts thus have a unique and substantial discretion in deciding whether to declare the rights of litigants.

*Knights Armament Co. v. Optical Systems Tech., Inc.*, 568 F. Supp.2d 1369, 1374 (M.D. Fla. 2008)(internal quotation marks and citations omitted).

In the instant case, Brinker-FL's declaratory judgment action mirrors Plaintiff's damages claim, and as such, Brinker-FL's counterclaim is redundant and unnecessary. *See id.* (stating that the court would use its discretion to dismiss the declaratory judgment claim because the issues would be settled by the trademark claims); *Koch Foods of Ala., LLC v. General Elec. Capital Corp.*, 2008 WL 948361, at *2 (M.D. Ala. April 8, 2008) (stating that there was no need to adjudicate the declaratory judgment claim because it was more prudent to adjudicate the conversion claim that was brought by the opposing party). Therefore, this Court declines to exercise jurisdiction over the counterclaim and will grant Plaintiff's motion to dismiss it.

**III.    Motion to Strike**

Plaintiff also moves to strike all of Defendants' affirmative defenses. Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999) (quoting *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

Plaintiff makes several arguments in support of its motion to strike. As such, the Court will address each argument in turn.

### A.     First and Third Affirmative Defenses

Plaintiff moves to strike Defendants' first and third affirmative defenses, arguing that they are mere denials, not true affirmative defenses. While these defenses appear to be denials of Plaintiff's claims, rather than true affirmative defenses, the Court finds that there is no prejudice to Plaintiff by allowing them to remain.

Additionally, Plaintiff argues that the third affirmative defense fails to comply with Federal Rule of Civil Procedure 10(b), which requires that allegations be made in numbered paragraphs, with each paragraph limited to a single set of circumstances. Plaintiff also argues that Defendants' pleading of this defense "hinders [its] ability to formulate any meaningful, complete, and articulate response." These arguments are without merit.

Moving to strike Defendants' first and third affirmative defenses (and spending two-and-a-half pages briefing the arguments on this issue) was a completely unnecessary undertaking. The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion.

### B.     Second Affirmative Defense

Next, Plaintiff moves to strike Defendants' second affirmative defense, in which Defendants allege that Plaintiff cannot argue that the notice of termination was ineffective and untimely because Plaintiff failed to comply with the notice and opportunity to cure requirement

4

contained in paragraph 28(a)(ii) of the lease.  Defendants further allege that if Plaintiff had complied with paragraph 28(a)(ii), Defendants could have cured the alleged defect.

Paragraph 28(a)(ii) of the lease provides the following:

> 28.  <u>Default</u>.
> (a)  Each of the following events shall be a "Tenant Event of Default" under this Lease:
>
> \*     \*     \*
>
> (ii)  Tenant shall fail to comply with any term, provision or covenant of this Lease . . . and shall not cure such failure within thirty (30) days after Notice thereof is given by Landlord to Tenant . . ..

(Doc. No. 17-4).  Subsection (b) of paragraph 28 sets forth the remedies available to Plaintiff in the event of any "Tenant Event of Default," which consists of terminating the lease, entering the property, or retaking possession of the property.  Additionally, paragraph 28(b) provides that pursuit of any of these remedies does not preclude pursuit of any other remedies provided by law, and forbearance of pursuit of these remedies cannot be deemed as a waiver of default.

Plaintiff argues that this affirmative defense should be stricken as an insufficient defense because paragraph 28 of the lease is not applicable to the facts of this case.  Specifically, Plaintiff argues that nothing in paragraph 28 requires Plaintiff to give Defendants notice and an opportunity to cure before filing the instant lawsuit.  Rather, Plaintiff argues that paragraph 28 simply provides that if Brinker-FL breaches a term of the lease, Plaintiff must give Brinker-FL notice and an opportunity to cure before terminating the lease, entering the property, or retaking possession of the property.  Because Plaintiff is not attempting to terminate the lease, enter the property, or retake possession of the property, Plaintiff argues that paragraph 28 is inapplicable.  Furthermore, Plaintiff points out that Brinker-FL did not breach a specific lease term; instead, Brinker-FL attempted to terminate the lease and Plaintiff is suing to recover damages for

5

Brinker-FL's allegedly improper and/or ineffective termination.

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

Plaintiff has not shown, at this stage of the litigation, that this affirmative defense is insufficient as a matter of law. Rather, this defense puts into issue relevant and substantial legal and factual questions regarding whether paragraph 28 of the lease is applicable to the facts of this case. Moreover, Plaintiff has not shown that it will be prejudiced by allowing the defense to remain. As such, the Court declines to strike it.

### C.   Fourth and Fifth Affirmative Defenses

Next, Plaintiff argues that Defendants' fourth affirmative defense (estoppel) and fifth affirmative defense (waiver) should be stricken because Defendants fail to allege all of the elements of the defenses. As explained below, the motion is denied as to these defenses.

In their fourth affirmative defense, Defendants allege that Plaintiff's claims are barred by estoppel because Plaintiff received Defendants' notice of termination and did not object to the timing or substance of it, acquiescing in the termination. Plaintiff argues that this defense must

be stricken because in order to plead estoppel, Defendants must allege that they relied to their detriment on willful or negligent words, conduct, or acquiescence by Plaintiff, but there is no allegation of willfulness or negligence by Plaintiff.

The Court rejects Plaintiff's argument, as a review of Defendants' affirmative defenses in their entirety shows that Defendants have clearly put Plaintiff on notice as to their estoppel defense, identifying Plaintiff's intentional conduct/acquiescence and Defendants' reliance thereon. If Plaintiff wants to test the sufficiency of this defense and whether Defendants can show negligence or willfulness by Plaintiff, it should file a motion for summary judgment.

In their fifth affirmative defense, Defendants allege that Plaintiff's claims are barred by waiver because Plaintiff received the notice of termination and did not object to the timing or substance of it, acquiescing in the termination. Plaintiff argues that this defense must be stricken because in order to plead waiver, Defendants must allege an intentional relinquishment by Plaintiff of a known right, and Defendants have failed to make such allegations. The Court rejects Plaintiff's argument, as Defendants have clearly put Plaintiff on notice as to their waiver defense by alleging that Plaintiff waived its right to sue by acquiescing to the termination.

### D. Sixth Affirmative Defense

Next, Plaintiff moves to strike Defendants' sixth affirmative defense, in which Defendants allege that Plaintiff's claim for damages is barred because Plaintiff failed to undertake appropriate steps to mitigate its damages. Specifically, Plaintiff argues that this is a bare bones, conclusory allegation that should be stricken. The Court rejects this argument, as the allegations in this defense are sufficient to put Plaintiff on notice of their mitigation defense. Accordingly, the Court denies Plaintiff's motion to strike this defense.

**IV.     Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaim (Doc. No. 25) is **GRANTED** to the extent that the Court declines to exercise jurisdiction over Brinker-FL's counterclaim for declaratory relief.  Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 26) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of December, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record