UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEMBLER FAMILY PARTNERSHIP
#41, LTD,

        Plaintiff,

vs.                                          Case No. 8:08-CV-1212-T-24-MAP

BRINKER FLORIDA, INC., et al.,

        Defendants.
_____/

## **O R D E R**

This cause comes before the Court for consideration of a Motion for Attorneys' Fees and Costs filed by Defendants Brinker Florida Inc. and Brinker International, Inc. (collectively, "Brinker"). (Doc. No. 63). Plaintiff Sembler Family Partnership #14, LTD filed a response to the motion (Doc. No. 66), and Brinker filed a reply. (Doc. No. 70).

**I.    Background**

Sembler brought this suit to recover damages and declaratory relief from Brinker for Brinker's alleged repudiation of a commercial lease agreement. Sembler was the landlord, Brinker Florida Inc. was the tenant, and Brinker International, Inc. was the guarantor. Sembler alleged that Brinker's termination of the lease agreement was ineffective and untimely. Brinker denied this allegation, contended that it terminated the lease pursuant to its terms, denied that Sembler was damaged, and raised various affirmative defenses including that Sembler failed to mitigate its damages.

After extensive discovery, both parties filed motions for summary judgment. On September 16, 2009, the Court granted Brinker's motion on all counts and denied Sembler's

motion, finding that Brinker's termination was both effective and timely under the terms of the agreement. On September 17, 2009, the Clerk entered judgment in favor of Brinker and against Sembler.

## II. Attorneys' Fees

Brinker now moves the Court for an award of attorneys' fees as the prevailing party in this case. The lease agreement provided for attorneys' fees to the prevailing party in litigation to enforce the lease. In light of the Court's order finding that Brinker was entitled to summary judgment on all counts and the judgment entered in favor of Brinker, Brinker is clearly the prevailing party and entitled to recover its reasonable attorneys' fees from Sembler. Sembler does not contest Brinker's entitlement to fees, but rather, disputes the amount of fees sought.

Brinker is seeking attorneys' fees in the amount of $402,046.00 for approximately 1,500 hours of work. The billing rates for its attorneys and paralegals range from $100 to $400. Brinker has submitted billing records that reflect the hours expended and the hourly rates for each of the attorneys and paralegals who worked on this matter. Brinker's motion is also supported by an affidavit by an independent expert witness, J. Brock McClane, who reviewed the billing records and opined that they are reasonable. Notably, Sembler does not object to Brinker's hourly rates.

The Court has reviewed all of the billing records and finds that Brinker's hourly rates are reasonable and that 1,500 hours is a reasonable amount of time for defending this suit. The Court therefore concludes that Brinker may recover its attorneys' fees, with the noted exception below.

### A. Administrative or Clerical Work

Sembler first objects to fees billed for administrative or clerical work completed by paralegals or by counsel. In paragraphs 2 and 4 of Sembler's opposition to the motion, Sembler lists approximately 23 time entries of Carmen Stewart, a paralegal, and 2 entries of Lawrence Heller, an attorney, as being administrative or clerical work. The total time for the specific entries listed by Sembler is approximately 41.55 hours for Stewart and .2 hours for Heller.

The Court has reviewed all of the billing records that Sembler objects to as non-recoverable, clerical work. At the outset, the Court notes that Sembler does not object to the hourly rates billed by Stewart ($100) or Heller ($400). And, the Court finds those rates to be reasonable. Brinker concedes that 12.55 of the 41.55 objected-to hours billed by Stewart were clerical. Brinker further agrees that the .2 hours listed for Heller's time could also be construed as clerical work. Accordingly, Brinker may not recover those hours.

However, the Court concludes that Brinker may recover the remainder of the 29.00 objected-to hours billed by Stewart. "With regard to the activities performed by a paralegal, the general rule is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award." *Fox v. Cohen Ventures, LLC*, Case No. 08-cv-81052, 2009 WL 1393348, at *6 (S.D. Fla. May 15, 2009). Many of the time entries billed for Stewart reflect work that was performed in preparation for the numerous depositions taken in this case, which is work normally performed by an attorney, and therefore recoverable. *SEC v. Kirkland*, Case No. 6:06-cv-183, 2008 U.S. Dist. LEXIS 64268, at *9 (M.D. Fla. Aug. 21, 2008) (noting that recoverable paralegal work includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and

document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence"). Likewise, the remainder of those billing entries reflects time spent communicating about the case with Brinker's in-house paralegal, which is also recoverable. *Fox*, Case No. 08-cv-81052, 2009 WL 1393348, at *6 (noting that recoverable paralegal work includes "phone calls to clients, opposing counsel, experts and the courts").

Accordingly, Brinker may not recover 12.55 of the 41.55 objected-to hours billed by Stewart because the Court concludes–and Brinker concedes–that those hours were clerical work that is not normally performed by an attorney. Furthermore, Brinker may not recover the .2 hours listed for Heller's time that also constitutes clerical work. In total, this amounts to $1,335.00 of non-recoverable billed time.

### B. Vague Billing Entries

In paragraphs 5 through 8 of its opposition, Sembler lists a variety of billing entries which it claims are vague because they do not identify the general subject matter of the time billed. Most of these billing entries, however, involve communications with the client, which are clearly compensable. *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F. Supp. 2d 1301, 1321 (M.D. Fla. 2003) (noting that "regular communication between counsel and the client is demanded by the rules of professional conduct" and therefore compensable). The Court has reviewed each of these objected-to entries and concludes that they contain enough detail and context to be compensable. Accordingly, the Court overrules Sembler's objection on this basis.

### C. Excessive or Redundant Billing Entries

In paragraphs 10 and 11 of its opposition, Sembler objects on the grounds that Brinker

4

cannot recover fees for work that is excessive, redundant, or otherwise unnecessary. For example, Sembler contends that Brinker attorneys expended many hours familiarizing themselves with matters that were already billed by previous counsel. The Court, however, finds that the time spent by Brinker's new counsel was not excessive or unreasonable. Brinker's new counsel took over from the previous counsel early in this action before any depositions were taken or any dispostive motions were prepared.

Sembler also contends that Brinker should not be able to recover time spent preparing both its summary judgment motion and its response to Sembler's cross motion for summary judgment because the same arguments were asserted in both filings. The Court, however, disagrees. There were significant distinctions between the arguments asserted in these filings, and Brinker billed a reasonable amount of time for preparing each one.

Sembler also objects to 40 hours of deposition preparation (both lawyer and witness) for more than 20 depositions taken by Sembler, and for Stewart's attendance at these depositions. However, given the number of witnesses and deposition exhibits involved in each of these depositions, the Court concludes that Brinker's billed time was not excessive or unreasonable.

In conclusion, with the exception of the non-recoverable fees relating to clerical work which amounted to $1,335, the fees sought by Brinker are reasonable and recoverable. Brinker is therefore entitled to recover $400,711.00 in attorneys' fees from Sembler.

## III. Costs

Brinker is also seeking $4,462.40 in costs incurred in defending this action. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs shall be allowed as of course to a prevailing party unless the court directs otherwise. While the Court retains discretion to

5

deny costs to a prevailing party, the presumption is in favor of the award of costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Because Brinker is the prevailing party in this action, it is entitled to recover its costs. *See Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995).

Sembler does not dispute that Brinker is entitled to recover costs pursuant to Rule 54(d)(1) as the prevailing party. However, it argues that Brinker is not entitled to recover travel expenses incurred by Brinker's counsel, as it would be unreasonable to pay for having counsel in Miami when the action is pending in Tampa.

The Court has reviewed all of the invoices that Brinker submitted in support of its request to recover its costs. None of the costs Brinker seeks are travel-related costs. Rather, they consist of the costs for transcripts and court reporter attendance of depositions taken during the course of this litigation. Although the testimony of some of the witnesses was not directly relied upon by Brinker in its summary judgment motion, the Court concludes that these depositions were reasonably necessary to this litigation. Title 28 U.S.C. § 1920, which enumerates expenses that a federal court may tax, specifically authorizes the taxation of deposition costs. Accordingly, Brinker's motion for costs is **GRANTED** in the amount of $4,462.40

**IV. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Brinker's Motion for Attorneys' Fees and Costs (Doc. No. 63) is **GRANTED** to the extent that Brinker is entitled to recover $400,711.00 in attorneys' fees and $4,462.40 in costs from Sembler.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of November, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge